UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JUSTIN T.,

                                                                                                                          <u>DECISION AND ORDER</u>

                                        Plaintiff,

                                                                                                                           20-CV-1906L

                      v.

KILOLO KIJAKAZI,
Commissioner of Social Security,

                                        Defendant.
_____

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

       On November 3, 2017 plaintiff, then thirty-six years old, filed applications for a period of disability and disability insurance benefits, and for supplemental security income, alleging disability beginning January 1, 2013 – later amended to April 1, 2017. (Dkt. #8 at 147). His applications were initially denied. Plaintiff requested a hearing, which was held on February 20, 2020 before Administrative Law Judge ("ALJ") Sharda Singh. *Id*. The ALJ issued an unfavorable decision on March 3, 2020, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #8 at 22-37147-158). That decision became the final decision of the Commissioner when the Appeals Council denied review on November 9, 2020. (Dkt. #8 at 1-3). Plaintiff now appeals.

The plaintiff has moved for summary judgment pursuant to Fed. R. Civ. Proc. 56 remanding the matter for the calculation and payment of benefits (Dkt. #16), and the Commissioner has cross moved for judgment dismissing the complaint (Dkt. #19), pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the Commissioner's cross motion is granted, the plaintiff's motion is denied, and the Commissioner's decision is affirmed.

## DISCUSSION

### I. Relevant Standards

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§ 404.1509, 404.1520.

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

### II. The ALJ's Decision

The ALJ determined that the plaintiff had the following severe impairments, not meeting or equaling a listed impairment: lumbosacral and thoracic spine derangement,[1] bipolar disorder, and a substance abuse disorder. (Dkt. #8 at 149).

Applying the special technique for evaluating mental impairments, the ALJ found that plaintiff has a moderate limitation in understanding, remembering, or applying information, a mild limitation in interacting with others, a moderate limitation in concentration, persistence, and

---

[1] Plaintiff's spinal injuries were sustained when he was struck by a motor vehicle on or about May 7, 2011. (Dkt. #9 at 1365). Plaintiff subsequently underwent a L4-S1 fusion in October 2017, a follow-up surgery to remove pedicle screws on October 29, 2018, and a L4-5 foraminotomy with decompression of the L4-5 nerve root on October 22, 2019. (Dkt. #8 at 152-53).

maintaining pace, and a mild limitation in adapting or managing himself. The ALJ accordingly found plaintiff's mental impairments to be non-disabling. (Dkt. #8 at 150-151).

Upon review of the record, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform sedentary work, with a sit/stand option permitting him to change positions for 1-2 minutes every 30-45 minutes. He can never climb ladders, ropes, or scaffolds, and can no more than occasionally climb ramps and stairs, balance, stoop, kneel, crouch or crawl. He must avoid hazards such as moving machinery, and is limited to understanding, remembering, and carrying out only simple, routine, and repetitive noncomplex tasks. (Dkt. #8 at 151).

When presented with this RFC determination at the hearing, vocational expert Christina Boardman testified that such an individual could not return to plaintiff's past relevant work as a fabricator or microscopist, since those jobs were performed at the light or medium exertional levels. However, such a person could perform the representative sedentary unskilled positions of charge account clerk, order clerk, and addresser. (Dkt. #8 at 156-57). The ALJ therefore found plaintiff not disabled.

### III.   Listing 1.04A

Plaintiff argues that the ALJ erred when she found that his impairments did not satisfy Listing 1.04A, for disorders of the spine. Listing 1.04A describes a disorder of the spine, "resulting in compromise of a nerve root or the spinal cord with evidence of nerve root compression characterized by neuro-atomic distribution of pain, limitation of motion in the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss, and if there is involvement of the lower back, positive straight-leg raising tests (sitting and supine)." 20 C.F.R. Part 404, Subpt. P, App. 1, §1.04A. The claimant has the burden to prove that his disability meets "all of the specified medical criteria" for the Listing. *See Otts v. Commissioner*,

249 F. App'x 887, 888 (2d Cir. 2007). *See generally Norman v. Astrue*, 912 F. Supp. 2d 33, 77 (S.D.N.Y. 2012) (an "impairment that manifests only some of [a Listing's] criteria, no matter how severely, does not qualify" as a listed impairment).

Here, the ALJ found that plaintiff had not shown ongoing motor, sensory, or reflex loss sufficient to satisfy the durational requirement. (Dkt. #8 at 150).

The Court concurs. While plaintiff points to record evidence of nerve root compression with neuro-atomic distribution of pain, limited range of motion in the lumbar spine, sensory or reflex loss, and positive straight-leg raising tests, such findings do not appear to be simultaneous and/or consistent throughout any period of sufficient length to satisfy the durational requirement. *See* Dkt. #8 at 616-17 (August 2017, complaints of back pain radiating into legs, with numbness and tingling); 683-88 (October 2017, pre-surgical evaluation, normal gait, normal strength in all extremities, patient denies numbness); 707-711 (September 2017, finding of low back pain with radiation to the legs and associated numbness); 771-72, 777 (January 2018, numbness in left leg), 789 (January 2018, full muscle strength, full range of motion, normal reflex and sensation, and negative straight leg raising tests bilaterally); 828 (January 2018, lower extremity radicular symptoms reported to have resolved since lumbar fusion surgery two months prior); 793-811 (January and February 2018, positive right straight leg raising test, lumbar range of motion and patellar reflex diminished, patient instructed not to engage in "excessive" lifting over 10 pounds, bending, or twisting); 844 (June 2018, reflexes diminished); Dkt. #9 at 1288 (October 2018, full muscle strength and full range of motion, normal gait, mild lumbar tenderness), 1340-41 (February 2019, complaints of pain, weakness, and limited range of motion); 1408-1410 (July 2017, complaints of chronic back pain radiating into right leg, full strength in all extremities, reduced range of lumbar spinal motion, normal gait and station, normal sensation); 1353 (October 2019,

full muscle strength and full range of motion, normal gait, mild lumbar tenderness), 1370 (documentation of October 2019 surgery to decompress nerve root); 1399 (December 2019, reporting that despite initial improvement after October 2017 surgery, back pain is increasing, with findings of obvious physical discomfort and bilateral positive straight leg raising tests); 1406-08 (January 2020, complaints of back pain radiating into right leg, reduced range of lumbar spinal motion, motor strength good in all extremities, no atrophy, unsteady gait noted, use of a cane recommended).

Accordingly, the ALJ's finding that plaintiff's impairments did not satisfy the requirements of Listing 1.04 was not erroneous.

**IV.    The ALJ's RFC Finding**

Plaintiff also argues that the ALJ's RFC finding failed to consider the combination of plaintiff's physical and mental impairments on his ability to perform the functional requirements of work, and that the RFC determined by the ALJ isn't sufficient to account for plaintiff's mild-to-moderate mental limitations, or for the symptoms of pain, fatigue, weakness, and numbness associated with his degenerative spinal condition.

The Court disagrees. Mild to moderate mental health symptoms are not inconsistent with the ALJ's RFC determination, which limited plaintiff to a limited range of unskilled sedentary work involving simple, routine, repetitive tasks. *See generally Jahmari R. v. Commissioner*, 2022 U.S. Dist. LEXIS 53547 at *14 (W.D.N.Y. 2022)("a finding of up to moderate limitations in mental functioning does not preclude the ability to perform unskilled work"); *Tammy B. v. Commissioner*, 2021 U.S. Dist. LEXIS 100821 at *9-*10 (W.D.N.Y. 2021)("an RFC for unskilled work is not inconsistent with . . . moderate mental impairments"). Furthermore, plaintiff points to no record evidence establishing any additional, specific limitations – beyond the sedentary

5

exertion, sit/stand option, and additional postural limitations included by the ALJ in his RFC finding – that are necessary to address plaintiff's spinal disorder symptoms.

Moreover, the RFC determined by the ALJ was consistent with, and supported by, all of the medical opinions of record, from: (1) consulting psychologist Dr. Christine Ransom, who found that plaintiff would have mild, episodic difficulties understanding complex instructions, regulating emotions, controlling behavior, and maintaining well-being (Dkt. #8 at 815-19); (2) consulting internist Dr. Trevor Litchmore, who opined that plaintiff would have moderate limitations for lifting and carrying heavy objects while walking or standing, as well as limitations in climbing ramps and stairs, stooping, bending, crawling, and repetitive squatting (Dkt. #8 at 787-90); (3) treating nurse practitioner Eliud Kosgei, who indicated that plaintiff had up to moderate physical limitations in most postural areas, and up to moderate mental limitations in understanding, remembering, and carrying out instructions, maintaining attention and concentration, social interactions and behaviors, and working at a consistent pace (Dkt. #9 at 1402-03); and (4) two state agency reviewers, who respectively opined that plaintiff's mental health impairments are mild, and that he is physically capable of sedentary work with no more than occasional postural activities. (Dkt. #8 at 235, 236-39).

With the exception of the moderate social interaction limitations mentioned by NP Kosgei, none of the treating, examining or reviewing medical sources opined any limitations extending beyond those incorporated by the ALJ in her RFC determination. Assuming *arguendo* that the ALJ erred by failing to include "occasional" social interaction limitations in her RFC finding to account for moderate difficulties in social interaction, such error is harmless, as the positions identified by the vocational expert – charge account clerk, order clerk, and addresser – are not precluded by such limitations. *See e.g.*, *Matthew E. v. Saul*, 2021 U.S. Dist. LEXIS 33738 at *3 (W.D.N.Y.

2021)(person limited to occasional social interaction can perform addresser job); *Gregory M. v. Kijakazi*, 2021 U.S. Dist. LEXIS 172334 at *3 (W.D.N.Y. 2021)(addresser job can be performed with no interaction with the public and no more than occasional interaction with supervisors and coworkers); *Cooley v. Berryhill*, 2017 U.S. Dist. LEXIS 119731 at *32 (W.D.N.Y. 2017)(charge account clerk job can be performed by persons limited to occasional interactions with supervisors and coworkers and no interaction with the public); *Marquez v. Colvin*, 2013 U.S. Dist. LEXIS 146221 (S.D.N.Y. 2013)(order clerk position can be performed by individual with interpersonal contact limitation).

I have considered the remainder of plaintiff's arguments, including plaintiff's contention that the ALJ erred in finding plaintiff's testimony about the severity of his symptoms to be less than fully credible, and find them to be without merit.

## CONCLUSION

For the reasons set forth above, I find that the decision-appealed-from was supported by substantial evidence, and was not the product of legal error. The Commissioner's cross motion for judgment on the pleadings (Dkt. #19) is granted, plaintiff's motion for summary judgment (Dkt. #16) is denied, the decision appealed-from is affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 7, 2022.